**ENELE FAU, Claimant**

**v.**

**TE`O L. TAVAI, Objector/Counter-claimant**

**In the Matter of the Matai Title "FAU"**

High Court of American Samoa
Land and Titles Division

MT No. 05-94

June 1, 1995

Before KRUSE, Chief Justice, BETHAM, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Claimant, Levaula Kamu *Pro Hac Vice*
 For Objector, Asaua Fuimaono

Order on Motion to Dismiss Claim:

On October 29, 1992, Enele Fau ("Fau") filed his claim to succession with the Territorial Registrar to the matai title Fau, attached to the village of Vailoatai. On November 17, 1992, Te`o L. Tavai ("Te`o") filed his objection and counterclaim to succession.

This matter came on regularly for hearing on May 26, 1995, upon Te`o's motion to dismiss Fau's claim to succession, on the grounds that the latter was ineligible to file his succession claim, not having resided in American Samoa for one calendar year immediately preceding the filing of his claim,

as proscribed by A.S.C.A. § 1.0404(a).[1] Te`o appeared with his counsel Asaua Fuimaono, while neither Fau nor his counsel of record, Levaula Kamu, appeared. The court having been satisfied that claimant's counsel was given actual notice of this motion and hearing date, the motion was duly considered.

On the evidence received, we find that Fau was at all relevant times a resident of Hawaii, and that he had not resided in American Samoa for at least one calendar year immediately preceding the filing of his succession claim to the matai title Fau.

On the foregoing, we conclude that claimant Fau was ineligible to file for succession to the matai title Fau, attached to the village of Vailoatai, since he did not meet the statutory residency requirement set out in A.S.C.A. § 1.0404(a). The motion to dismiss is, therefore, granted.

It is so ordered.

---

[1] A.S.C.A. § 1.0404(a) states in relevant part: "[N]o one is eligible to claim or object to the succession of to the matai title unless he has resided in American Samoa for one calendar year immediately preceding the date of the claim of objection.